Dear Col. Brown:
This responds to your request for an opinion of this office regarding the liability of E-911 District members for their individual or group actions while serving as members of a District.
As you have pointed out, La. R.S. 29:735 provides for immunity for the state and its political subdivisions and other agencies, as well as the agents' employees and representatives while engaged in any emergency preparedness activities, except in the case of wilful misconduct, using the following language:
 § 735. Immunity of Personnel
 A. Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees, or representatives of any of them, engaged in any emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.
Therefore, there is immunity from liability for death, injury to persons or damage to property while such agencies and the agents' employees and representatives are engaged in "anyemergency preparedness activities".
The question asked, however, is of broader scope since it pertains not only to "emergency preparedness activities" but to all individual or group actions while an individual serves as a member of a 911 district.
We have found additional statutes which pertain to members of 911 agencies while acting in the course of their duties and while not engaged in an emergency preparedness activity, which is defined by La. R.S. 29:723(3) as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters."
La. R.S. 9:2792.4 provides for limitation of liability of members of boards, commissions, or authorities of political subdivisions, as follows:
 La. R.S. 9:2792.4 LIMITATIONS OF LIABILITY OF MEMBERS OF BOARDS, COMMISSION, OR AUTHORITIES OF POLITICAL SUBDIVISIONS.
 A. As used in this Section, a "member of a board, commission or authority of a political subdivision" means a person serving as an elected or appointed director, trustee, or member of a board, commission, or authority of a municipality, ward, parish, or special district, board or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission, or any other local board, commission, or authority.
 B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage, or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
We note that the request made to your office from the Ascension Parish Communications District (E-9-1-1) was for the specific purpose of determining whether members of the district are liable for their individual or group actions while serving as members of the district.
We believe that such a district is a "board, commission, or authority of a * * * parish, or special district, board or commission of the state, * * *" and, therefore, a person who serves as member of such a political subdivision "shall not be individually liable" while serving as a member of the board "for any act or omission resulting in damage, or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful are wanton misconduct". La. R.S. 9:2792.4 (B).
Additionally, insofar as a cause of action might be asserted against a 911 communications District, its officers or employees, other statutes may apply, depending on the particular circumstances.
 La. R.S. 9:2793.1 states, in pertinent part as follows:
 A. No person shall have a cause of action against a public entity or the officers and employees thereof for damage to property at the site of a crime, accident, or fire, including without limitation the destruction or deterioration of property, caused while the officer or employee was acting within the course and scope of his office or employment and while taking reasonable remedial action which is necessary to abate a public emergency, unless such damage was caused by willful or wanton misconduct or gross negligence.
 LSA-R.S. 40:1235 (A) (2) provides, in pertinent part that:
 (2) The immunity granted herein to basic, intermediate, and paramedic emergency medical technicians by the provisions of this Part shall extend to parish governing authorities, police departments, or other public agencies engaged in rendering emergency medical services and its insurers with respect to such emergency medical services unless the emergency medical technician employed by said agencies would be personally liable under the provisions of Paragraph (1).
Based upon a review of the foregoing statutes, the State and its political subdivisions and other agencies, as well as members of boards, commissions or authorities of a political subdivision, such as 911 communication districts, are immune from liability for the death of or injury to persons, or damage to property, as a result of such activities, while engaging either in emergency preparedness activities or exercising judgment in the formation and implementation of policy while acting as a member of such boards. The only exception to the statutory immunities provided relate to damage or injury caused by willful or wanton misconduct or gross negligence in the exercise of duties.
This conclusion is consistent with prior opinions of this office, including Opinion Nos. 92-250, 93-231 and 96-447.
We hope that this information is of assistance and if we may be of further help, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: GARY L. KEYSER Assistant Attorney General
RPI/GLK/tp
OPINION NUMBER 92-250
RELEASED JUNE 23 1992
 94-A — POLITICAL SUBDIVISIONS — Officers, Agents, Employees
 Individual commissioners have no personal liability to any third party for damages occasioned by acts or omissions which fall within the scope of the powers and duties conferred upon them as commissioners, unless said damages were caused by willful or wanton misconduct.
A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that Honorable Harold L. Taylor political subdivision, provided he Mayor, Village of Palmetto was acting in good faith and within P.O. Box 97 the scope of his official functions Palmetto, Louisiana 71358 and duties, unless the damage or injury was caused by his willful or wanton misconduct R.S. 9:2792.4(B).